UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Howard Vincent Ashley,**
    **Plaintiff,**

vs.          04-1135

**Rains, et al.,**
    **Defendants.**

## CASE MANAGEMENT ORDER

Pursuant to 28 U.S.C. Section 1915A, a merit review of the plaintiff's complaint was held on May 25, 2004 on complaint. The plaintiff Howard Vincent Ashley filed a complaint pursuant to 42 U. S. C. § 1983. He names as defendants Rains, Julie Bohler, Mrs. Stambaugh, Larry Roach, Allen Roach, Stephanie Straughn, Asst. Atty General, Victor Trancoso and William Ritter.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1] The merit review standard is the same as a motion to dismiss standard.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem SteelCorp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Allegations in other filings may be considered if consistent with the complaint, *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997), and attachments to the complaint are incorporated as part of the complaint, *see International Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations and Conclusions

The plaintiff claims the defendants violated his First Amendment rights by their "actions and/or omissions, in retaliating/reprisals following the submissions of administrative grievances."

Specifically, the plaintiff claims that Stephanie Straughn, of the Illinois Attorney General's Office, was told on more than two occasions that the prison officials at Illinois River were continuing to violate the plaintiff's First Amendment rights in a mandamus case, number 03-MR-117, pending in the Seventh Judicial Circuit Court of Illinois. The plaintiff alleges that Ms. Straughn did nothing. The plaintiff has not alleged a constitutional violation. Ms. Straughn apparently represented the defendants in the mandamus case and had no authority or obligation to resolve Mr. Ashley's issues. This claim is frivolous as it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 182, 1831 (1999).

The plaintiff provides a list of incidents and/or dates where he claims the defendants retaliated against him for exercising his First Amendment rights. He alleges the following:

1. After filing grievances in October and early November 2002, on November 23, 2002, the plaintiff claims that Major Rains threatened the plaintiff regarding the grievances he had filed, causing the plaintiff to write a grievance alleging threats, reprisals, retaliation and intimidation. The plaintiff stated that Rains, clothed in civilian clothing, summoned the plaintiff to the office in Unit 3 and said to the plaintiff, "what is this about? Rains also advised the plaintiff that he was going through paperwork and had come across the plaintiff's grievances. Rains asked the plaintiff at least two times if he liked being in a level three prison? Rains also told the plaintiff that some of the issues in his grievances were trivial. Further, in his grievance the plaintiff "summized (sic) the conference, deducing that" or concluded that Rains "has threatened, in so many words, my present placement and level of placement." At the time, the plaintiff was in Illinois River. Further, the plaintiff states that Rains was the duty warden on the day he discussed the plaintiff's grievances with him. The plaintiff claims his grievance was about minor complaints on staff and had nothing to do with his placement.

The court has considered the allegations in the plaintiff's complaint and grievance against Mr. Rains. The court discerns no threats made by Rains and therefore concludes that the

plaintiff's allegation do not rise to the level of a constitutional violation. He has failed to state a claim against Major Rains. Therefore, this claim must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

2.  By January 15, 2003, prison officials would not give an answer as to whether they had the plaintiff's November 23, 2002 grievance causing [plaintiff] to resubmit [the grievance] along with a notarized affidavit/letter. The plaintiff does not name the defendants whom he claims would not respond to his grievance. Furthermore the plaintiff attached an April 28, 2003 memorandum from Julie Bohler wherein she states that "this memo will serve as notice to you that grievances allegedly filed by you dated November 23 2002 and January 10, 2003 will be allowed to have grievance numbers assigned for processing."

The plaintiff basically is alleging that the defendant(s) delayed answering his grievance. There is no substantive constitutional right to a grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)(state's grievance procedures do not give rise to liberty interest). Therefore, this claim must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

3.  Boher, the grievance officer, issued a decision on Exhibits A-A5, which plaintiff appealed to the Review Board in Springfield by mail on January 28, 2003.

The court discerns no constitutional violation. Therefore, if this is a claim, it is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

4.  "Retaliatory placement on lockdown wing 4 days after knee surgery on upper deck with a crazy, recent segregation released prisoner." A review of his grievance shows that he was not allowed to go on a call pass to the Health Care Unit for nearly 24 hours. He claims he had to "put in for a sick call and wait until the next day causing 18 hours to pass since the continuous pain started."

*See Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996)(quoting with approval the Eighth Circuit in *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (1996)(abrogated on other grounds in *Reece v. Groose*, 60 F.3d 487 (8th Cir. 1995)): "'An inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed.'"(emphasis in *Langston*)). The court discerns no constitutional violation. Therefore, if this is a claim, it is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

5.  "The plaintiff claims that although the November 23, 2002 [grievance] was exhausted administratively by the appeal of January 28, Ex. A6, the plaintiff gave prison officials an opportunity to answer the grievance on the institutional level and to attempt resolution of the matter, which became a petition for mandamus in Seventh Judicial Circuit Court of Illinois."

The court discerns no constitutional violation. Therefore, if this is a claim, it is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

6.  "Retaliatory cell reassignment following grievances being filed, grievance number 03-3331."

The court discerns no constitutional violation. Therefore, if this is a claim, it is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

7.  "Plaintiff had to file petition of mandamus in Sangamon County with defendants believing as he did they had prevented the filing of the November 23, 2002 [grievance] when they had actually cheated themselves out of a timely response with Ex.A-6, but plaintiff gave them a chance to respond via the mandamus petition and Rains admitted to talking to plaintiff about his grievance, which he was not supposed to have done. Ex. A."

The court discerns no constitutional violation. Therefore, if this is a claim, it is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

8.  On March 25, 2003, defendants were served with summons in mandamus and over one month later, on April 25, 2003, the plaintiff claims he was retaliated against because he was placed in segregation charged with threatening Rains, who was the subject of the main grievance in the mandamus. The plaintiff was found guilty of the disciplinary charge.

The court has reviewed the plaintiff's grievance and other various attachments and finds that the plaintiff did not exhaust administrative remedies regarding this claim. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). Therefore, if this is a claim, it is dismissed.

9.  Retaliating prison officials caused the plaintiff to have to request additional time during pleadings of two of the four legal actions he had pending from June - August 2003. The plaintiff claims this delayed his access to court.

"[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented form presenting legitimate grievances to a court. Various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-

4

courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case). An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case). Having to request an extension of time in pending litigation does not in and of itself amount to a denial of access to court. The plaintiff has failed to state a claim upon which relief may be granted.

10. "Prison officials tried various other retaliations and some of the ones that have been administratively exhausted since the first incident – 17 months before the filing of the complaint in the instant action are contained in grievance numbers 03-0727, 03-0852, 03-1094, 03-1097 and 03-1252."

What is the court supposed to do – parse through the plaintiff's attachments to figure out what he is complaining about? "Judge are not like pigs, hunting for truffles buried in the record." *Albrechtsen v. Bd. of Regents,* 2002 WL 31397690 (7th Cir. 2002), *quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Court need not "scour the record to make the case of a party who does nothing." *Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir. 1989). Therefore, if this is a claim, it is dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

**It is therefore ordered:**

1. **Based on the foregoing discussion, pursuant to 28 U.S.C. Section 1915A, Fed. R. Civ. P. Rule 12(b)(6) and 42 U.S.C. § 1997e(a), the plaintiff entire complaint is dismissed.**
2. **The clerk of the court is directed to terminate this lawsuit, forthwith.**

**Enter this 20th day of December 2004.**

                              s\Harold A. Baker
                _____
                             **HAROLD A. BAKER**
                        **UNITED STATES DISTRICT JUDGE**